UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DON NELL HAWKINS, | ) | CASE NO. 1:12 CV 1359 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| HARVEY B. BRUNER, | ) ) | MEMORANDUM OF OPINION & ORDER |
| Defendant. | ) ) ) | |

*Pro se* Plaintiff Don Nell Hawkins filed the above-captioned action against Defendant Harvey B. Bruner alleging breach of contract, breach of fiduciary duty, fraudulent misrepresentation, and infliction of emotional distress. He seeks monetary relief.

**I. Background**

Plaintiff is a federal prisoner, incarcerated at FCI Gilmer in Glenville, West Virginia. He was arrested on July 21, 2006 by Canton, Ohio police officers on charges of drug possession and trafficking. (ECF 1-2). He claims that, when booked into the Stark County Jail on these charges, he "had a federal detainer lodged upon me because the state prosecutor requested that the Government issue it." (ECF 1 at12). Plaintiff asserts he was held in "state detention" from July 21, 2006 until September 25, 2006, whereupon he was transferred to federal court. (ECF 1 at 12).

On September 22, 2006, Plaintiff was charged in a federal criminal complaint with knowingly and intentionally possessing with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). *See United States v. Hawkins*, Case No.

1

5:06CR505 (N.D. Ohio) (Gaughan, J.). Attorney John Ricotta was initially appointed to represent him, but was shortly thereafter replaced by attorney Jeffrey Haupt. On October 24, 2006, a federal grand jury returned a three-count indictment charging Plaintiff with two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). *See U.S. v. Hawkins*, Case No. 5:06CR505 (ECF 12).

Plaintiff filed Motions to Dismiss on October 19, 2006 and November 27, 2006, arguing violations of his speedy trial rights. *U.S. v. Hawkins*, Case No. 5:06CR505 (ECF 9, 16). He also filed a Motion to Suppress, in which he objected to the reliability of a confidential informant and alleged the warrant affidavit contained false statements. *Id.* (ECF 12). The Court denied both motions. *Id.* (ECF 25). Jeffrey Haupt thereafter moved to withdraw as Plaintiff's counsel. *Id.* (ECF 29).

Plaintiff maintains that, on December 14, 2006, he and Defendant Bruner entered into a contract pursuant to which Plaintiff retained Defendant to represent him in his federal criminal action for an agreed-upon price of $20,000. (ECF 1 at 2). He further maintains he has paid Defendant Bruner a total of $17,500 to date pursuant to the terms of this contract. (ECF 1 at 2). On December 18, 2006, Defendant Bruner filed a Notice of Appearance to appear on Plaintiff's behalf in his federal criminal case. *Id.* (ECF 33).

Plaintiff alleges he conferred with Defendant Bruner regarding the status of his case on January 9, 2007. On that date, Plaintiff alleges Defendant advised him to enter into a conditional guilty plea that preserved his right to appeal the Court's denial of his motion to suppress. According to Plaintiff, Defendant represented that "he would make the correct arguments on appeal and have the plaintiff back in court within 8 - 14 months getting the evidence suppressed." (ECF 1 at 3). He also allegedly advised Plaintiff as follows:

> Defendant Bruner stated to plaintiff that the denial of his motion to dismiss [on speedy trial grounds] did not need to be reserved to argue on appeal because a state arrest could not trigger the 30-day period to indict. Plaintiff then re-explained the facts of his case and expressed how he believed it to be unfair that

> the state could arrest him for criminal charges, contact the government for purposes of referring its case for a federal prosecution when there was no federal officials involved in neither the arrest nor investigation, then simply detain him until the feds decided to file the state's charges while at the same time violating it's own Speedy Trial Act of 1964 which mandates that indictments be issued within 60 days of arrest.

(ECF 1 at 3).

Despite his concerns, Plaintiff accepted Defendant's advice and entered a conditional guilty plea in his federal criminal case, reserving the right to appeal the Court's ruling on his motion to suppress. *See U.S. v. Hawkins*, Case No. 5:06CR505 (ECF 44). On April 24, 2007, Plaintiff was sentenced on Count Three of the Indictment to 240 months imprisonment followed by ten years of supervised release. *Id*. (ECF 50, 51). Counts One and Two of the Indictment were dismissed. *Id.* (ECF 50, 51).

In his Complaint, Plaintiff claims Defendant Bruner breached the terms of their contract because he "failed to provide effective assistance of counsel in that he advised plaintiff to accept a plea agreement when he could have successfully gotten plaintiff's indictment dismissed with prejudice based on a Speedy Trial Act violation." (ECF 1 at 2). He also claims Defendant breached his fiduciary duty to Plaintiff by failing to successfully move to dismiss the indictment and criminal complaint with prejudice based upon the "ruse exception" to the Speedy Trial Act. (ECF 1 at 2). Plaintiff further asserts that Defendant's representation that "a state arrest could not trigger the 30 day period to indict and plaintiff's motion to dismiss need not be preserved" was a fraudulent misrepresentation. (ECF 1 at 3). Finally, he claims Defendant inflicted emotional distress by advising Plaintiff to accept a conditional plea agreement of twenty years' incarceration "when he could have gotten plaintiff's indictment dismissed with prejudice on a Speedy Trial Act violation." (ECF 1 at 3-4). Plaintiff seeks damages in the amount of $1,192,500 plus $50,000 for each year of incarceration that he has served or will serve in the future.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

The presence or absence of jurisdiction to hear a case is the "first and fundamental question presented by every case brought to the federal courts." *Caudill v. N. Am. Media Corp*., 200 F.3d

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

914, 916 (6th Cir. 2000). *See also Farmer v. Fisher*, 2010 WL 2925935 at *2 (6th Cir. July 28, 2010). Accordingly, the Sixth Circuit has instructed that "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Intern.*, Ltd., 556 F.3d 459, 465 (6th Cir. 2009). This analysis is shaped by the well-known principle that "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff claims that this Court has jurisdiction over his Complaint pursuant to 28 U.S.C. § 1332. (ECF 1 at 1). That statute provides "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332(a)(1). "This statute and its predecessors have consistently been held to require *complete* diversity of citizenship." *Owens Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (citing *Stawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) (emphasis added). That is, federal diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). The general rule is that diversity is determined at the time of the filing of a lawsuit. *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006).

A person's citizenship for purposes of diversity jurisdiction is his "domicile." *See Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "Domicile" is determined by physical presence in the state and either an intention to reside there indefinitely or the absence of an intention to reside elsewhere. *Stifel*, 477 F.2d at 1120. A prisoner does not automatically acquire a new domicile when he or she is incarcerated in a different state. *Id.* at 1121 (noting that "a person cannot acquire a domicile of

choice in a place if he is there by virtue of physical or legal compulsion"). Rather, courts apply a rebuttable presumption that a prisoner retains the citizenship of the State in which he was domiciled prior to his incarceration. *Id*. at 1124. *See also Johnson v. Corrections Corporation of America*, 2001 WL 1298982 at * * 2 (6th Cir. Aug. 8, 2001).

In the instant case, Plaintiff alleges that Defendant Bruner "is an individual who resides in and is a citizen of the State of Ohio." (ECF 1 at 1). Accordingly, in order to establish complete diversity jurisdiction, Plaintiff bears the burden of establishing that his domicile is a State other than Ohio. The Court finds Plaintiff has failed to satisfy this burden. Although he is currently incarcerated in West Virginia, Plaintiff makes no allegations that (1) West Virginia was his pre-incarceration domicile; (2) he considers West Virginia to be his current domicile; or (3) he intends to remain in West Virginia after his incarceration. To the contrary, Plaintiff specifically alleges in his Complaint that he is "an individual who resides in and is a citizen of the State of Ohio." (ECF 1 at 1). Based on the above, the Court finds that Plaintiff's domicile for diversity jurisdiction purposes is Ohio and he has, therefore, failed to establish complete diversity jurisdiction pursuant to § 1332.

The Court further finds it does not have federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Under that statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Plaintiff herein does not identify any specific constitutional right, amendment or federal statute that might form the basis of his claims, nor does he identify any legal theories or concepts of a constitutional dimension. To the contrary, the Complaint clearly alleges claims for breach of contract, breach of fiduciary duty, fraudulent misrepresentation and infliction of emotional distress, each of which are state law claims.

In light of the above, the Court finds plaintiff has failed to satisfy his burden of establishing that it has subject matter jurisdiction over this action under either § 1331 or § 1332. Accordingly, the Court finds it is not authorized to consider Plaintiff's claims.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 9/27/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides "[a] n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.