UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DON NELL HAWKINS, | ) | CASE NO. 1:12 CV 1359 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| HARVEY B. BRUNER, | ) ) | MEMORANDUM OF OPINION & ORDER |
| Defendant. | ) ) ) | |

This matter is before the Court upon *pro se* Plaintiff Don Nell Hawkins's "Motion to Reconsider Order and Judgment Entry." (ECF 7). For the following reasons, Plaintiff's motion is denied.

**I. Background**

Plaintiff Don Nell Hawkins is a federal inmate incarcerated at FCI Gilmer in Glenville, West Virginia. On May 30, 2012, he filed a Complaint in this Court against attorney Harvey B. Bruner alleging state-law claims for breach of contract, breach of fiduciary duty, fraudulent misrepresentation, and infliction of emotional distress. Plaintiff's claims arise out of Defendant Bruner's representation of Plaintiff in an underlying criminal case, *United States v. Hawkins*, Case No. 5:06CR505 (N.D. Ohio) (Gaughan, J.). (ECF 1).

When Plaintiff filed his Complaint, he failed to either pay the full filing fee of $350.00 or submit a financial application seeking *in forma pauperis* status. On June 11, 2012, this Court ordered Plaintiff to either pay the full filing fee or submit the required financial application. (ECF

1

2). On July 12, 2012, Plaintiff submitted an "Affidavit of Prisoner" and prisoner account statement per the Court's Order. (ECF 3). Plaintiff's "Affidavit" set forth information regarding his financial status and specifically stated that "I am requesting to proceed without being required to prepay the entire filing fee." (ECF 3 at 1). Plaintiff's signature appears on this Affidavit. (ECF 3 at 2).

On September 27, 2012, this Court dismissed Plaintiff's action pursuant to 28 U.S.C. § 1915(e). (ECF 5). The Court found that it lacked diversity jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332 because Plaintiff failed to satisfy his burden of establishing complete diversity; i.e. that "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-by-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Specifically, the Court found:

> In the instant case, Plaintiff alleges that Defendant Bruner "is an individual who resides in and is a citizen of the State of Ohio." (ECF 1 at 1). Accordingly, in order to establish complete diversity jurisdiction, Plaintiff bears the burden of establishing that his domicile is a State other than Ohio. The Court finds Plaintiff has failed to satisfy this burden. Although he is currently incarcerated in West Virginia, Plaintiff makes no allegations that (1) West Virginia was his pre-incarceration domicile; (2) he considers West Virginia to be his current domicile; or (3) he intends to remain in West Virginia after his incarceration. To the contrary, Plaintiff specifically alleges in his Complaint that he is "an individual who resides in and is a citizen of the State of Ohio." (ECF 1 at 1). Based on the above, the Court finds that Plaintiff's domicile for diversity jurisdiction purposes is Ohio and he has, therefore, failed to establish complete diversity jurisdiction pursuant to § 1332.

(ECF 5 at 6). The Court further found that it did not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint "clearly alleges claims for breach of contract, breach of fiduciary duty, fraudulent misrepresentation, and infliction of emotional distress, each of which are state law claims." (ECF 5 at 6). Accordingly, the Court dismissed the action for lack of jurisdiction.

On the same date, the Court also issued an Order (ECF 4) granting Plaintiff's request to proceed *in forma pauperis* and ordering that an initial partial fee in the amount of $20.67 be deducted from Plaintiff's prisoner account. The Order also provided that "[t]hereafter, the prison cashier's office shall deduct, and forward to the court, 20% of the preceding month's income credited to the prisoner's account each time the amount in the account exceeds $10.00 until the full fee has been paid." (ECF 4 at 1).

On October 9, 2012, Plaintiff filed a "Motion to Reconsider Order and Judgment Entry." (ECF 7). It is this Motion that is currently before the Court.

## II. Analysis

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" a district court's Order of dismissal. As Plaintiff is proceeding *pro se*, the Court will liberally construe his motion as a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment. *See* Fed. R. Civ. Proc. 59(e); *Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988). Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810 -1, at 124 (2d ed. 1995).

In his Motion, Plaintiff first argues that this Court should reconsider its Order granting him permission to proceed *in forma pauperis* and ordering that an initial partial filing fee be deducted from his prisoner account because he "never signed nor submitted the attached authorization form

3

attached to the *in forma pauperis* application." (ECF 7 at 1). He also argues he did not sign the prisoner account statement and, therefore, "this Court should've denied Hawkins' request for permission to proceed *in forma pauperis* or order that he provide the correct income statement accompanied by the signed page to that application agreeing and acknowledging that he will have to pay the $350.00 filing fee." (ECF 7 at 1-2).

The Court rejects this argument. Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (1997). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.*

Plaintiff, then, became responsible for paying the $350.00 filing fee for the instant action the moment he filed his Complaint. The only question was whether he would be required to pay the entire $350.00 fee at the initiation of the proceedings, or over time through periodic deductions from his prisoner account. Plaintiff filed an Affidavit expressly seeking to proceed without prepayment of the entire fee. The Court granted his request and allowed him to proceed by paying the fee over time. Plaintiff cannot now escape the financial ramifications of filing a Complaint in this Court by indicating that he didn't sign his *in forma pauperis* application or prisoner account statement. The record reflects Plaintiff did, in fact, sign his Affidavit seeking permission to proceed *in forma pauperis*. Moreover, even if he had not signed the Affidavit, Plaintiff would nevertheless remain financially responsible for paying the full $350.00 filing fee, either by paying the entire fee all at once or by paying over time as directed in this Court's Order.

Because Plaintiff did, in fact, file a signed Affidavit seeking pauper status, the Court will not reconsider its September 27, 2012 Order granting his request to proceed *in forma pauperis* and assessing an initial partial filing fee of $20.67. The Court finds this argument in support of

Plaintiff's Motion is without merit.

Plaintiff next argues this Court should reconsider its finding that it lacked complete diversity jurisdiction over the instant action. He maintains that, although he stated in his Complaint that he is an individual who resides in and is a citizen of Ohio, "he merely listed Ohio because at the time of the offense he was in fact a resident of Ohio." (ECF 7 at 2). He then explains that "the Court is well aware that Hawkins is currently residing in a prison in West Virginia" and that, once he is released from prison, "he will be residing at 2004 Dembrigh Lane, North Carolina with his family." (ECF 7 at 2).

The Court rejects this argument. As set forth above, "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. There is no reason Plaintiff could not have pled these facts regarding his intended post-incarceration domicile in his Complaint. While the Court recognizes that Plaintiff is proceeding *pro se*, it cannot allow him to change the factual allegations in his Complaint via a Rule 59(e) motion in an attempt to address the Court's reasons for dismissing his action. Accordingly, the Court finds this argument in support of Plaintiff's motion for reconsideration is without merit.

### III. Conclusion

Accordingly, and for all the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF 7) is denied.

IT IS SO ORDERED.

                                                     */s/Dan Aaron Polster 10/16/12*
                                                     DAN AARON POLSTER
                                                     UNITED STATES DISTRICT JUDGE